IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITA KOHARI, JOHN RADOLEC, and MOHANI JAIKARAN,<br><br>Plaintiffs,<br><br>v.<br><br>METLIFE GROUP, INC., METROPOLITAN LIFE INSURANCE COMPANY, the BENEFIT PLANS INVESTMENT ADVISORY COMMITTEE, and JOHN AND JANE DOES 1-20,<br><br>Defendants. | Case No. 21-cv-6146<br><br>Judge John P. Cronan<br><br>Magistrate Judge Katharine H. Parker |

## STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, Rita Kohari, John Radolec, Mohani Jaikaran, MetLife Group, Inc., Metropolitan Life Insurance Company, and the Benefit Plans Investment Advisory Committee (together, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party or non-party subject to a subpoena or other legal process may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information.  Information and documents designated as confidential (the "Confidential Information") will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this litigation.

3.      In the event a party challenges a designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by

any party that Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents designated as "CONFIDENTIAL" may be disclosed to only the following persons:

     a.  The Parties, including employees and officers of the corporate parties who are assisting counsel in the prosecution or defense of this litigation;
     b.  Counsel for the Parties, including in-house counsel of corporate parties and regular employees of such counsel whose functions are necessary to the prosecution or defense of this litigation;
     c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
     d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of their position with the Court).

5.      Prior to disclosing or displaying the Confidential Information to any person described in Paragraphs 4(a) or (c), counsel must:

     a.  Inform the person of the confidential nature of the information or documents;
     b.  Inform the person that this Court has enjoined the use of the information or documents by them for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
     c.  Require each such person to sign an agreement to be bound by this Order in the form of Exhibit A, attached hereto, and retain a copy of that signed agreement for service upon counsel for the producing party shall good cause require service of same.

6.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      The producing party may redact non-responsive confidential information that constitutes:  trade secrets, PII and other sensitive personal information; information related to employee benefit plans offered by Defendants other than the MetLife 401(k) plan, provided that such information (i) relates wholly and exclusively to such other benefit plans and (ii) does not relate to any of topics at issue in this case (such as information related to the MetLife Index Funds, other index funds, or the Dividend Received Deduction) even if those topics are discussed in connection with other plans; information related to participants in employee benefit plans other than the MetLife 401(k) plan; information that is subject to attorney-client privilege or work-product protection; or any information for which there is a legal prohibition against disclosure. All redactions based on privilege must be logged and disclosed in a manner consistent with the requirements of Fed. R. Civ. P. 26(b)(5). All redactions based on relevancy must be logged in the same manner as privilege redactions, and relevancy redactions may be challenged in the same fashion as privilege redactions.

9.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11.      At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.      Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

DATED:  November 15, 2021

| | |
|---|---|
| _/s/_ Brock J. Specht_____ | _s/_ Craig C. Martin_____ |
| | Craig C. Martin (_pro hac vice_) |
| **NICHOLS KASTER, PLLP** | Amanda S. Amert (_pro hac vice_) |
| Paul J. Lukas, NY Bar Code PL1237 | Michael T. Graham (_pro hac vice_) |
| Kai H. Richter, MN Bar No. 0296545* | Samuel J. Gamer (_pro hac vice_) |
| Brock J. Specht, MN Bar No. 0388343* | WILLKIE FARR & GALLAGHER LLP |

3

Grace I. Chanin, MN Bar No. 0399969*
* *admitted pro hac vice*
4700 IDS Center 80 S 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
lukas@nka.com
krichter@nka.com
bspecht@nka.com
gchanin@nka.com

ATTORNEYS FOR PLAINTIFFS

300 North LaSalle Street, Suite 5000
Chicago, Illinois 60654-3406
Tel: (312) 728-9000
cmartin@willkie.com
aamert@willkie.com
mgraham@willkie.com
sgamer@willkie.com

Jeffrey B. Korn
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Jkorn@willkie.com

SO ORDERED.

Dated: November 15, 2021
New York, New York

_____
HONORABLE JOHN P. CRONAN

4

5

## **EXHIBIT A**

The undersigned hereby acknowledges that they have read the Protective Order in the case captioned, *Kohari, et al. v. MetLife Group, Inc., et al.*, Case No. 21-cv-6146 (S.D.N.Y.), understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the Provisions of the Protective Order.


DATED: _____


_____                    _____
Printed Name                                                                  Signature