USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rita Kohari, John Radolec, and Mohani Jaikaran, individually and as representatives of a class of similarly situated persons, and on behalf of the MetLife 401(k) Plan (f/k/a the Savings and Investment Plan for Employees of Metropolitan Life and Participating Affiliates),<br><br>Plaintiffs,<br><br>v.<br><br>MetLife Group, Inc., Metropolitan Life Insurance Company, the MetLife Group Benefit Plans Investment Advisory Committee, the Employee Benefits Committee of MetLife Group, Inc., and John and Jane Does 1–20,<br><br>Defendants. | Case No. 1:21-cv-6146-JHR-KHP |

**ORDER ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion For Final Approval") in the above-captioned action ("Action") between Named Plaintiffs Rita Kohari, John Radolec, and Mohani Jaikaran, on behalf of a class of participants in the MetLife 401(k) Plan (f/k/a the Savings and Investment Plan for Employees of Metropolitan Life and Participating Affiliates) ("Plan"), and MetLife Group, Inc., Metropolitan Life Insurance Company, the MetLife Group Benefit Plans Investment Advisory Committee, the Employee Benefits Committee of MetLife Group, Inc., and John and Jane Does 1–20 ("Defendants"), as set forth in the Parties' Class Action Settlement Agreement ("Settlement Agreement"), ECF No. 111-01. Having duly considered the terms of the Settlement Agreement and the motion papers and arguments of counsel, the Court hereby finds and orders as follows:

1

This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants in connection with the management of the Plan.

Presented to the Court for final approval is a settlement of the litigation against all Defendants. The terms of the Settlement are set out in the Parties' Class Action Settlement Agreement dated November 20, 2023 (ECF No. 111-01), executed on behalf of the Parties by Class Counsel and Defendants' Counsel.

Upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, and finding good cause for the motion, the Court hereby approves the Settlement Agreement (ECF No. 111-01), and orders and adjudges as follows:

1. For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The following Class is hereby finally certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All participants and beneficiaries of the MetLife 401(k) Plan who were invested in the MetLife Index Funds at any time on or after July 19, 2015, through December 31, 2021, excluding any persons with responsibility for the Plan's investment or administrative functions.

This Class is consistent with the class preliminarily certified by the Court for purposes of settlement, and meets all of the requirements of Rule 23 and due process for the reasons specified in this Court's prior Order Preliminarily Approving Class Action Settlement, Approving Procedure and Form of Notice, and Scheduling Final Approval Hearing ("Preliminary Approval Order"). *See* ECF No. 127.

3. The form and method of notifying the Class Members of the terms and conditions of the Settlement Agreement met the requirements of Rules 23 and due process, and constituted the best notice practicable under the circumstances. In accordance with the Court's Preliminary Approval Order, and as reflected in the information provided by the Settlement Administrator (JND Legal Administration), Notices were timely distributed by email and first-class mail to all Class Members who could be identified with reasonable effort, and provided Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to object and appear at the Fairness Hearing).

4. The terms of the Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23. Among other things, the Court finds that:

    A. The Class was adequately represented by the Class Representatives and Class Counsel;

    B. The Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation;

    C. The monetary relief provided by the Settlement ($4,500,000) is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all class members equitably;

    E. The Settlement avoids significant costs, risks, and delays in connection with continued litigation;

    F. The Class Representatives and Class Counsel support the Settlement;

    G. Class Members had the opportunity to be heard on all issues regarding the Settlement Agreement, and there were no objections to the Settlement;

    H. The Settlement was reviewed by an Independent Fiduciary, Newport Trust

Company, LLC, which has approved the Settlement and approved the release of claims therein; and

I.  The Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Class.

Accordingly, the Motion for Final Approval is **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5.  The Action and all Plaintiffs' Released Claims, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Settlement Agreement.

6.  Neither this Final Approval Order nor the Settlement Agreement constitutes an admission by any Defendant or Released Party of any liability or wrongdoing whatsoever.

7.  The Class Representatives and each Class Member, and their respective heirs, beneficiaries, executors, administrators, successors, and assigns, and the Plan shall be (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, and discharged Defendants and the Released Parties from all Plaintiffs' Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of Plaintiffs' Released Claims, either individually or derivatively on behalf of the Plan, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims, whether or not Class Members received the Notice, whether or not the Class Members received a

payment in connection with this Settlement Agreement, whether or not Former Participant Class Members received the Former Participant Rollover Form, whether or not Former Participant Class Members have executed and delivered a Former Participant Rollover Form, whether or not Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

10. The Court has subject matter jurisdiction over this Action and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and the Settlement Agreement.

11. The Court finds that all applicable CAFA requirements have been satisfied.

12. Upon the Effective Date of this Order under the Settlement Agreement, the Parties, the Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED** this __15th__ day of __January__, 2025.

*Katharine H Parker*   1/15/2025
Hon. Katharine H. Parker
United States Magistrate Judge